**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES E. WHITE, Jr.; et al., | No.    17-16208 |
| Plaintiffs-Appellants, | D.C. No. 4:16-cv-00793-PJH |
| v. | |
| CHEVRON CORPORATION and ESIP INVESTMENT COMMITTEE, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief Judge, Presiding

Argued and Submitted October 19, 2018
San Francisco, California

Before:  HAWKINS and HURWITZ, Circuit Judges, and EATON,[**] Judge.

Appellants (collectively, "White") appeal the district court's Rule 12(b)(6)

dismissal of their amended complaint for failure to state a claim.  White sought relief

under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

§ 1001, *et seq*. White maintains that the amended complaint alleged sufficient facts to support a reasonable inference that appellees (collectively, "Chevron") breached their fiduciary duties of loyalty and prudence to the beneficiaries of Chevron's retirement plan, and engaged in a prohibited transaction. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

1. Dismissal of a complaint is appropriate if it fails to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "the complaint must allege 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *In re Century Aluminum Co. Securities Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Where there are "two *possible* explanations, only one of which can be true and only one of which results in liability, plaintiff[] cannot offer allegations that are 'merely consistent with' [its] favored explanation but are also consistent with the alternative explanation." *In re Century Aluminum Co. Securities Litig.*, 729 F.3d at 1108 (quoting *Iqbal*, 556 U.S. at 678) (emphasis added). "Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, . . . in order to render plaintiffs' allegations plausible within the meaning of *Iqbal* and *Twombly*." *Id*. (citing *Twombly*, 550 U.S. at 554).

2. Applying the plausibility standard here, the facts alleged, viewed in the light most favorable to White, were insufficient to support a plausible inference of breach of the duty of loyalty, breach of the duty of prudence, or that a prohibited transaction took place. Rather, as to each count, the allegations showed only that Chevron could have chosen different vehicles for investment that performed better during the relevant period, or sought lower fees for administration of the fund. None of the allegations made it more plausible than not that any breach of a fiduciary duty had occurred. *See In re Century Aluminum Co. Securities Litig.*, 729 F.3d at 1108. Thus, we hold that White failed to state a claim for breach of fiduciary duty.

3. We also hold that the prohibited transaction claim was time-barred because the transaction alleged to have violated the statute—hiring Vanguard—is alleged to have occurred in 2002, and this action was not commenced until 2016. *See* 29 U.S.C. § 1113. In light of the foregoing, White's derivative cause of action alleging that Chevron failed to monitor third parties also fails.

**AFFIRMED.**

17-16208